# UNITED STATES FEDERAL DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST.**, *et al.*, | CASE NO. 3:18-CV-114 |
| Plaintiffs, | JUDGE WALTER H. RICE |
| v. | |
| **ALW CONSTRUCTION LLC.**, *et al.*, | **ORDER** |
| Defendants. | |

This action came before the Court on Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust ("Benefit Trust"), Iron Workers District Council of Southern Ohio & Vicinity Pension Trust ("Pension Trust"), and Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust ("Annuity Trust) (collectively the "Trusts" or "Plaintiffs"), Motion for Default Judgment against Defendants ALW Construction LLC and Michael Wildman (collectively "ALW"). This Court now grants the Plaintiffs' Motion for Default Judgment against Defendants ALW in its entirety.

This is a suit brought by an employee benefit plan against ALW for ALW's violation of Section § 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1145 ("ERISA"). See ECF #1, Complaint. In this case, Plaintiffs seek to recover delinquent employer contributions, pre-judgment interest, liquidated damages, attorneys' fees and costs, and equitable relief pursuant to the provisions of ERISA from ALW. Plaintiffs also seeks an award of post-judgment interest pursuant to Title 28 U.S.C. § 1961.

On April 11, 2018, Plaintiffs filed the instant action against Defendant ALW. ECF #1, Complaint. The original summonses to the Defendant was issued on the same day. ECF #2, Issuance. On April 17, 2018, the Plaintiffs filed their Amended Complaint. ECF #3, Amended Complaint. On April 25, 2018, Plaintiffs perfected service of the original summons and complaint on Defendant ALW by certified mail. ECF #6 and #7. On May 3, 2018, Plaintiffs perfected service of their Amended Complaint on Defendant ALW by certified mail. ECF #8 and #9. As Defendant ALW failed to answer or otherwise defend against the Plaintiffs' Amended Complaint, the Plaintiffs applied for an entry of default on May 16, 2018. ECF #10, Application. The Clerk made an entry of default against Defendant ALW on May 17, 2018. ECF #11, Entry of Default. As of this date, no answer, motion, or responsive pleading has been filed.

Plaintiffs were established pursuant to the terms of the Plaintiffs' Amended and Restated Agreement and Declarations of Trust ("Trust Agreements") that were entered into by various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO and various employers, and employer organizations, having collective bargaining agreements with the participating local unions. ECF #3, Exhibits #1-3. The Plaintiffs are maintained pursuant to a Participation Agreement under which employer contributions are made as required by collective bargaining agreements between the participating local unions and signatory employers. ECF #3, Exhibit #4. Accordingly, Plaintiffs are multi-employer plans within the meaning of Section 3(37)(A) of ERISA, Title 29 U.S.C. § 1002(37)(A). *Id.*

At all times relevant herein, ALW has been bound to the terms of Participation Agreement. ECF #3, Exhibit #4. The Participation Agreement binds ALW to the Trust Agreements and obligates ALW to make fringe benefit contributions to Plaintiffs. *Id.* at ¶ 1.

Pursuant to the Participation Agreement, ALW is required to make employer fringe benefit contributions to Plaintiffs based on the number of hours worked by ALW covered employees during the month at issue. The Plaintiffs' Board of Trustees has approved and effectuated a Collection and Control Policy for Employer Contributions and Reports ("Collection Policy"), which is applicable when an employer's fringe benefit contributions are delinquent; the Collection Policy provides for the assessment and imposition of both liquidated damages and interest on delinquent fringe benefit contributions. Aff. Gotthardt at ¶ 6.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See Fed. R. Civ. P. 55(a)*. Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. See *Stooksbury v. Ross*, Case No. 12–5739, 2013 WL 2665596, *3 (6th Cir. June 13, 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading); *Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust v. Wortman Bros. LLC*, Case No. 3:14-CV-00148, 2014 WL 3458563, *1 (S.D. Ohio, Jul. 11, 2014). However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true unless the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

Plaintiffs are employee benefit plans within the meaning of ERISA, and multiemployer plans within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145, which states, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent

with law, make such contributions in accordance with the terms and conditions of such plan or such agreement[.]"

ALW is bound by the Participation Agreement, as well as collective bargaining agreements ("CBAs") it has entered into with various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO. Hence, ALW is obligated to abide by the terms of the Trust Agreements, including the provisions that require ALW to make fringe benefit contributions to the Plaintiffs for each hour worked by a participating employee. ALW has failed to contribute to Plaintiffs in accordance with its obligations under the Participation Agreement, the CBAs, and under the Trust Agreements.

Article III of the Benefit Trust Agreement and Article VIII of the Pension Trust and Annuity Trust Agreements require ALW to make employer fringe benefit contributions to Plaintiffs pursuant to the terms of the Participation Agreement and CBAs. ALW's failure to make such contributions is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, for which Plaintiffs are entitled recover owed delinquent contributions, liquidated damages, equitable relief, as well as its reasonable costs and attorney's fees from ALW. Specifically, Section 502(g) of ERISA, 29 U.S.C. § 1132(g) provides:

> (2) In any action under this sub chapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of -
> (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

As required by Federal Rule of Civil Procedure 55(a), Plaintiffs' damages for delinquent contributions, liquidated damages, and interest are subject to a clear mathematical calculation. To date, ALW has failed and/or refused to remit delinquent hourly fringe benefit contributions, interest, and liquidated damages to Plaintiffs.

Article III, Section 2 of the Benefit Trust Agreement and Article VIII, Section 2 of the Pension and Annuity Trust Agreements provide a specific formula for the mathematical calculation of liquidated damages to be assessed to the employer in the event that the employer fails to pay contributions by the last day of the month following that in which the covered work was performed. Specifically, the Trust Agreements provide as follows:

> (a) Liquidated Damages:
>   (1) For the late filing of reports: 5% of the amount of the contribution covered by the report, per month or fraction thereof, and
>   (2) For late payment of contributions: 1.5% per month or fraction thereof, except that for the first five months of concurrent late reporting and also late payment. this 1.5% shall be deemed to be included in the 5% in (1) above, and
>   (3) The total amount of liquidated damages owed by an Employer shall be an amount equal to the greater of:
>     (i) interest (as defined in (b) below) on the unpaid contributions; or
>     (ii) the amount of liquidated damages as provided for in (a) above; but
>     (iii) in no case however, will the amount of liquidated damages exceed 20% of the amount of unpaid contributions owed by an Employer
> (b) Interest: For late payment of contributions, interest at the rate of 1.0% per month on all delinquent contributions until paid Interest shall be calculated on a monthly basis and shall be payable monthly.
>
> ECF #3, Exhibits 1 – 3.

5

The amounts owed by ALW are fair and reasonable. ALW voluntarily signed the CBAs and Participation Agreement, binding it to the Trust Agreements and the provisions for liquidated damages and interest on delinquent contributions. Ms. Gotthardt calculates that ALW is **$105,776.75** in arrears to Plaintiffs. Aff. Gotthardt, ¶¶ 8-10.

Article III, Section 8 of the Benefit Trust Agreement and Article VIII, Section 5 of the Pension and Annuity Trust Agreements provide that "[s]hould legal action be necessary to effect collection of contributions owed to the Fund, the Employer shall pay all costs (including attorney fees) incurred by the Trustees." ECF #3, Exhibits 1 – 3.

ALW failed to pay the required delinquent fringe benefit contributions owed to the Plaintiffs by the last day of the month following that in which the covered work was performed. Therefore, ALW was, and is, in default with its obligation to make fringe benefit contributions. Additionally, ALW has failed or refused to comply with Plaintiffs' demand to payment, which required the Plaintiffs to file this case. Through May 31, 2018, Plaintiffs have expended **$3,893.75** in unrecovered reasonable attorneys' fees and costs to collect the delinquent amounts owed by ALW. Aff. Gotthardt, ¶ 12. The amounts owed by ALW for Plaintiffs' attorneys' fees and costs are fair and reasonable. Defendant ALW is directly responsible for the accumulation of all the attorneys' fees and costs paid or owed by the Plaintiffs.

Accordingly, based on the foregoing this Court GRANTS the following relief:

1. A declaratory order finding Defendants ALW Construction LLC and Michael Wildman in violation of the Plaintiffs' Amended and Restated Agreement and Declarations of Trust due to its failure to timely submit required fringe benefit contributions to the Funds.

2. A monetary judgment in Plaintiffs' favor and against Defendants ALW Construction LLC and Michael Wildman in the amount of **$105,776.75** with said amount representing all known unpaid fringe benefit contributions, interest, and liquidated damages found due and owing to Plaintiffs by Defendants.

3. A declaratory order from this Court requiring Defendants ALW Construction LLC and Michael Wildman to comply with the Funds' auditor's request to examine and review the documents necessary to complete a payroll audit, in the event that such an audit is deemed necessary by Plaintiffs' Board of Trustees, at Defendants' cost.

4. A declaratory judgment requiring Defendants ALW Construction LLC and Michael Wildman to immediately pay all delinquent fringe benefit contributions, interest, and liquidated damages owed for any unreported Employer Remittance Reports, along with any additional unpaid fringe benefit contributions, interest, and liquidated damages found to be owed during the course of a payroll audit.

5. A monetary judgment in Plaintiffs' favor and against Defendant pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) in the amount of **$3,893.75** which represents Plaintiffs' reasonable attorneys' fees and costs incurred pursuing this Case involving Defendant's delinquent fringe benefit contributions to judgment.

6. That a permanent injunction against Defendant be issued pursuant to Section 502(g)(2)(E) of ERISA, prohibiting Defendant from committing future violations of Section 515 of ERISA, 29 U.S.C. § 1145 with respect to the Fund.

7. Post-judgment interest on all monetary relief granted herein pursuant to 28 U.S.C. § 1961.

8. Such other legal or equitable relief as this Court deems appropriate.

9. Plaintiffs would request that this Court retain jurisdiction over this Case pending Defendant's compliance with its orders.

**IT IS SO ORDERED**

Date: 7-9-18

JUDGE WALTER H. RICE

UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT DAYTON

IRON WORKERS DISTRICT COUNCIL
OF SOUTHERN OHIO & VICINITY
BENEFIT TRUST, et al.,

    Plaintiffs,

v.

ALW CONSTRUCTION LLC, et al.,

    Defendants.

CASE NO. 3:18-CV-114

JUDGE WALTER H. RICE

**AFFIDAVIT OF PEGGY GOTTHARDT**

STATE OF OHIO ) 
) ss
COUNTY OF CUYAHOGA )

I, Peggy Gotthardt, whose business address is 1470 Worldwide Place, Vandalia, Ohio 45377, being of sound mind, over the age of majority, and in all other ways qualified to give a sworn statement in the State of Ohio and before this Court, having been duly cautioned and sworn upon my oath, do hereby state and depose as follows:

1. The following statements contained in this Affidavit are based upon my personal knowledge.

2. I am employed by the Plaintiffs. I am submitting this Affidavit as evidence in support of the Plaintiffs' position in the above captioned case against ALW Construction LLC., et al., ("ALW").

3. As a part of my regular duties for the Plaintiffs, I am responsible for administering the Participation Agreements under which contributing employers make contributions to the Plaintiffs on behalf of employees who are members of various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO and employed by the contributing employers. These duties include monitoring employer contributions paid to the Plaintiffs pursuant to the Participation Agreements.


EXHIBIT A

Peggy Gotthardt
Page 1 of 3

4. As a part of my regular duties for the Plaintiffs, I perform various activities related to the collection of delinquent employer contributions, including the computation of the amount of liquidated damage penalties and interest assessments on such delinquent contributions.

5. As required in order to fulfill my duties for the Plaintiffs, as described in paragraphs 3 and 4 above, I have access to accounting records indicating monthly contributions owed by each participating employer, as well as a participating employer's payment history, including any delinquent contributions, liquidated damages, and interest amounts the employer owes to the Plaintiffs. I have access to various records maintained by the Plaintiffs, including, among other things, copies of the Plaintiffs' Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"), which contain the Plaintiffs' operational guidelines and set forth the due dates for employer contributions.

6. The Plaintiffs' Board of Trustees have approved and effectuated the Collection and Control Policy for Employer Contributions and Reports ("Collection Policy") that establishes the Plaintiffs' liquidated damage and interest provisions. As a participating employer bound to the Trust Agreements, ALW is bound to the Policy.

7. I personally computed the liquidated damages and interest owed by ALW as the result of its known delinquent fringe benefit contributions, using the formula contained in the Collection Policy.

8. ALW is owing to the Plaintiffs for DELINQUENT CONTRIBUTIONS. As of the date of this Affidavit, pursuant to the Trust Agreements and the Participation Agreement, ALW owes the Plaintiffs $57,485.47 in unpaid fringe benefit contributions according to the records of the Plaintiff, which include reports ALW has submitted to the Plaintiffs.

9. ALW is owing to the Plaintiffs for LIQUIDATED DAMAGES. As of the date of this Affidavit, pursuant to the formulas contained in the Collection Policy, ALW owes the Plaintiffs $3,594.62 in liquidated damages on its reported delinquent contributions.

10. ALW is owing to the Plaintiffs for INTEREST on overdue amounts. As of the date of this Affidavit, pursuant to the formulas contained in the Collection Policy, ALW owes the Plaintiffs $4,586.66 in pre-judgment interest assessments on its reported delinquent contributions.


Peggy Goddard
Page 2 of 3

11. I personally computed all amounts for delinquent contributions, liquidated damages, and interest owed to the Plaintiffs by ALW, as set forth in this Affidavit, using the mathematical formulas provided for in the Collection Policy.

12. ALW is owing to the Plaintiffs for **ATTORNEYS' FEES AND COSTS** on paid or owed by the Plaintiffs for the captioned court action and associated collection efforts. As of the date of this Affidavit, ALW owes the Plaintiffs $3,893.75 in reasonable attorneys' fees and court costs incurred by the Plaintiffs. A true and correct accounting from Faulkner Hoffman & Phillips LLC for the attorneys' fees and court costs paid or owed by the Plaintiffs for the state court action is attached hereto as **Exhibit A**.

FURTHER THE AFFIANT SAYETH NAUGHT

_____
Peggy Gotthardt

The foregoing AFFIDAVIT, consisting of three (3) pages, including this page, was sworn to and subscribed by Peggy Gotthardt, before me, a Notary Public in and for the State of Ohio this 19 day of June 2018.

MY COMMISSIONS EXPIRES  09-30-2019

_____
NOTARY PUBLIC

MARY R. YODER
Notary Public, State of Ohio
My Commission Expires 09-30-19

Peggy Gotthardt
Page 3 of 3

# FAULKNER, HOFFMAN & PHILLIPS, LLC

ATTORNEYS AT LAW



June 12, 2018

Invoice submitted to:

IRONWORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY
COLLECTIONS ACCOUNT
Ms. Penny Brown, Administrative Manager
1470 Worldwide Place
Vandalia, OH 45377

> In Reference To: Iron Workers District Council of
> Southern Ohio & Vicinity Benefit Trust,
> et al. v. ALW Construction LLC, et al.
> Southern District of Ohio Case No.
> 3:18-cv-114

For Professional Services Rendered

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 2/20/2018 | MTH | Draft demand letter seeking full payment of contributions, liquidated damages, interest, & attorneys' fees; email correspondence w/ P. Gotthardt; re: ALW Construction | 0.50 | $200.00/hr | $100.00 |
| 3/6/2018 | JDM | Review email related to status of pending collection matter; re: ALW (Litigation) | 0.25 | $225.00/hr | $56.25 |
| 3/7/2018 | JDM | Review email related to pending collection matter & course of action; re: ALW (Litigation) | 0.25 | $225.00/hr | $56.25 |
| | MTH | Email regarding missed payment deadline; email seeking authority to initiate litigation against Contractor; re: ALW Construction (Litigation) | 0.50 | $200.00/hr | $100.00 |

One International Place • 20445 Emerald Parkway Dr., Suite 210 • Cleveland, OH 44135-6029
MAIN: 216.781.3600 • FAX: 216.781.8839



IRONWORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY
June 12, 2018
Page 2

|  |  |  | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 3/7/2018 | MTH | Email regarding missed payment deadline; email seeking authority to initiate litigation against Contractor; re: ALW Construction (Litigation) | 0.50 | $200.00/hr | $100.00 |
| 3/20/2018 | MTH | Review correspondence; tel. conf. w/ M. Wildman regarding delinquency & a potential joint check agreement w/ Geiger Peters; begin drafting complaint; re: ALW Construction (Litigation) | 1.00 | $200.00/hr | $200.00 |
|  | MTH | Review correspondence; tel. conf. w/ M. Wildman regarding delinquency & a potential joint check agreement w/ Geiger Peters; begin drafting complaint; re: ALW Construction (Litigation) | 1.00 | $200.00/hr | $200.00 |
| 3/22/2018 | MTH | Draft model joint check agreement; tel. call to M. Wildman; continue drafting complaint for delinquent contributions; re: ALW Construction (Litigation) | 1.25 | $200.00/hr | $250.00 |
| 3/23/2018 | MTH | Continue drafting complaint; re: ALW Construction (Litigation) | 1.50 | $200.00/hr | $300.00 |
| 3/26/2018 | MTH | Email regarding the participation agreement & other exhibits; prepare same; re: ALW Construction (Litigation) | 0.25 | $200.00/hr | $50.00 |
| 3/27/2018 | MTH | Update damage calculations; tel. conf. w/ P. Gotthardt regarding bond claim; voicemail for M. Wildman regarding joint check agreement; revise & | 1.75 | $200.00/hr | $350.00 |

|  |  |  | Hours | Rate | Amount |
|---|---|---|---|---|---|
|  |  | finalize complaint & exhibits; re: ALW Construction (Litigation) |  |  |  |
| 3/28/2018 | MTH | Tel. conf. w/ P. Gotthardt; legal research on surety bond limited existence case law; tel. call to M. Wildman; revise & finalize complaint; prepare exhibits; re: ALW Construction (Litigation) | 2.75 | $200.00/hr | $550.00 |
| 3/29/2018 | MTH | Continue drafting garnishment documents for Smoot & Portsmouth; prepare all exhibits & file garnishments; re: Reinforcing (Litigation) | 1.75 | $200.00/hr | $350.00 |
| 4/3/2018 | DMP | Review & edit complaint for contribution & breach of fiduciary duty against ALW; re: ALW (Litigation) | 0.50 | $200.00/hr | $100.00 |
| 4/16/2018 | DMP | Coordinate w/ Fund office; amend ALW complaint; re: ALW (Litigation) | 0.50 | $200.00/hr | $100.00 |
| 4/17/2018 | DMP | Tel. conf. w/ P. Gotthardt; discuss amounts owed & other open issues; update & revise amended complaint accordingly; re: ALW (Litigation) | 0.25 | $200.00/hr | $50.00 |
| 4/25/2018 | JDM | Review ECF notice in collections case; re: ALW (Litigation) | 0.25 | $225.00/hr | $56.25 |
| 5/2/2018 | DMP | Follow-up re status of service of complaint and summonses; re ALW (Litigation) | 0.25 | $200.00/hr | $50.00 |

FAULKNER, HOFFMAN
& PHILLIPS, LLC
ATTORNEYS AT LAW

IRONWORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY
June 12, 2018
Page 4

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 5/3/2018 | DMP | Review notices from Court re service executed on Defendants; re: ALW (Litigation) | 0.25 | $200.00/hr | $50.00 |
| 5/4/2018 | JCH | Review legal issues; send email for information; re: ALW Construction (Litigation) | 0.25 | $225.00/hr | $56.25 |
| 5/15/2018 | DMP | Tel. conf. w/ P. Gotthardt; re: ALW (Litigation) | 0.25 | $200.00/hr | $50.00 |
| 5/16/2018 | JDM | Review ECF notice & application for default entry; re: ALW (Litigation) | 0.25 | $225.00/hr | $56.25 |
| 5/17/2018 | JDM | Review ECF notice & clerk's entry of default; re: ALW (Litigation) | 0.25 | $225.00/hr | $56.25 |
| 5/18/2018 | JDM | Attention to email related to status of ongoing collections case; re: ALW (Litigation) | 0.25 | $225.00/hr | $56.25 |
| 5/24/2018 | DMP | Attention to email form P. Gotthardt re status of lawsuit against ALW; review docket & next steps to be taken; update to P. Gotthardt; re: ALW (Litigation) | 0.25 | $200.00/hr | $50.00 |
| 5/31/2018 | DMP | Review email from P. Gotthardt re status of ALW project; respond w/ status update & request for information needed to put GC/owner on notice & investigate potential joint check arrangement; research for projects being completed by ALW in Indianapolis, Indiana; re: ALW (Litigation) | 0.50 | $200.00/hr | $100.00 |

IRONWORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY
June 12, 2018
Page 5

|  | Hours | Amount |
|---|---|---|
| For professional services rendered | 17.25 | $3,493.75 |

Additional Charges :

| 4/11/2018 JCH U.S. District Court Filing Fee; re: ALW Construction | $400.00 |
|---|---|
| Total additional charges | $400.00 |
| Total amount of this bill | $3,893.75 |
| Balance due | $3,893.75 |

*Attorneys & staff designated as follows: George H. Faulkner (GHF), Joseph C. Hoffman (JCH), Robert M. Phillips (RMP), Joseph D. Mando (JDM), David M. Pixley (DMP), Sara A. Liva (SAL), Melinda A. Pukanski (MAP), Linda G. Stein (LGS), Hallie L. Buher (HLB) and David G. Faulkner (DGF), of counsel.*

The Ohio Supreme Court Disciplinary Rules provide that attorneys' fees are to be based upon the hours spent; the results obtained; the urgency of the matter; the experience, reputation and ability of the attorneys involved; and the novelty and difficulty of the issue involved. Our fees for all lawyers and paralegals are computed in accordance with the Supreme Court Rules. If you have any questions, please call our office. Thank you for your continued support by our representation of your legal affairs.

Faulkner, Hoffman & Phillips, LLC

*George H. Faulkner* (signature)